IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

              Plaintiff,

v.

BERNARD ROBERTSON,

              Defendant.

OPINION AND ORDER

13-cv-628-bbc
10-cr-186-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Bernard Robertson has filed a timely but futile motion for post conviction relief, contending that he was denied the effective assistance of counsel when he was sentenced in 2011 for conspiracy to possess pseudoephedrine with the intent to manufacture methamphetamine.   His motion must be dismissed because his allegations fall far short of showing that his counsel failed to represent him effectively.

BACKGROUND

In December 15, 2010, defendant was charged by indictment with four counts of conspiracy involving the manufacture of methamphetamine.  He entered a plea of guilty on May 3, 2011 to count one of the indictment (conspiring to possess pseudoephedrine with the intent to manufacture methamphetamine).  A presentence report was prepared, to which defendant filed no objections, although his counsel told the probation office that defendant

1

had some slight disagreement about the weight of the drugs.  At sentencing, defendant told the court that he had no objections to the report, "[j]ust some slight disagreement on the weights, but it doesn't matter."  Sent. trans., dkt. #87, at 3.  His counsel told the court that defendant had been "as cooperative as any individual I've ever represented," that he was open and forthright with the government from the beginning and that he was a productive member of society, albeit one with a drug addition.  Id. at 4-5.  In addition, counsel noted the unusual number of state court personnel who had told investigators that defendant was "not a bad guy" and would benefit from treatment.  Id. at 5.

At sentencing, defendant was found responsible for 132 grams of pseudoephedrine. He did not object to this amount and he did not object to a two-level increase in his offense level for fleeing from a law enforcement officer in connection with this crime.  He received a three-level reduction for his acceptance of responsibility.  His 20 criminal history points put him in criminal history category VI.  (His previous crimes included domestic abuse, obstructing or resisting an officer, possession of controlled substances, battery and possession of methamphetamine.)


OPINION

Under the United States Constitution, persons charged with serious crimes have a right not only to be represented by counsel but the right to be represented by counsel that provides effective assistance.  Strickland v. Washington, 466 U.S. 668 (1984).  Simply having a lawyer present does not meet the constitutional requirement; the lawyer must play

"the role necessary to ensure that the trial is fair." Id. at 685. The Constitution does not require brilliant performance on the part of counsel; the "proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 688.

From his present vantage point, looking back at his prosecution, defendant has identified a number of ways in which he believes his counsel could have given him a stronger defense. His problem is that he has not shown that any act or omission by counsel amounted to an error, let alone to constitutional ineffectiveness. His mere complaints about what counsel did or did not do are not sufficient to overturn a sentence. To obtain relief, a disgruntled defendant must show that counsel's tactics were so unreasonable that they were outside the wide range of professionally competent assistance. Id. at 690.

Defendant alleges that his counsel failed him by lying to him about the risks of losing a three-point reduction in his sentence if he tried to attack the accuracy of the drug amounts attributed to him in the presentence report. Telling him this was not a lie, but an accurate assessment of the consequences to him of making this challenge.

Defendant seems to think that counsel could have shown that the pseudoephedrine amount supposedly given to defendant by another conspirator, Jennifer Olson, went to someone else. He says that this would have reduced the 132 grams for which he was held responsible by 50-70 grams, but he is wrong about this. The presentence report shows that defendant was held responsible for only 16.8 grams of pseudoephedrine allegedly given him by Olson. Deducting 16.8 grams from 132 grams for which defendant was held responsible

would not have reduced the base offense level of 32, which applies to drug quantities of 100-300 grams. At the same time, challenging the drug amounts might have led to defendant's loss of the three-level reduction in his offense level.

Defendant says that counsel failed him in another way: he did not attack the credibility of the witnesses who testified at the grand jury. I assume that defendant is not saying that counsel should have challenged the sufficiency of the indictment returned against him, because such challenges are almost never successful. Costello v. United States, 350 U.S. 359, 363 (1956) ("neither the Fifth Amendment nor any other constitutional provision prescribes the type of evidence upon which grand juries must act"). If he is saying that his counsel should have called the grand jury witnesses at his sentencing to show that they were not credible, he runs up against the same problem discussed above: the risk that he would have lost his reduction for acceptance of responsibility.

Defendant says that counsel let him down by not obtaining records from companies that subcontracted for his work, which would have refuted the probation office's view that he had no legitimate work income. As the transcript of the sentencing hearing shows, counsel did make efforts to obtain those records but was unsuccessful. Sent. trans., dkt. #87, at 6-8. Once again, this failure does not amount to constitutional ineffectiveness. Even if counsel had been able to show that defendant had been gainfully employed, the positive fact that he had been employed would not have outweighed the negative reports in the presentence report documenting his failure to use his alleged earnings to support his family.

In his last claim of ineffectiveness, defendant complains that his counsel did not stress

4

his good character, his drug addiction and his work history and what a good father he is. Wisely, counsel chose to emphasize defendant's cooperation and acceptance of responsibility and not mention the factors defendant lists.  It would be difficult to argue that a person who has accumulated 20 criminal history points since he turned 30 has a good character or that that person's longstanding, serious drug addiction does not make him a danger to the community.  Defendant's work history raised other problems, such as his failure to use his earnings for his family.  Finally, it would have been foolhardly to argue that defendant is a good father when the record shows that he has one felony conviction for failure to support a child as a repeater, with an additional charge of failure to support dismissed at the time of his sentencing.  His claim to have fathered eight children is hardly a reason to admire him, when four of those children were adopted and raised by his co-defendant (after marrying defendant's ex-wife), and he has failed to support the others.

In assessing an ineffectiveness claim, "the court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Strickland, 466 U.S. at 690.  Having done so in this case, I conclude that defendant has failed to show that his court-appointed counsel failed to give him an adequate defense.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274,

282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.

Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that defendant Bernard Robertson's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED.  Further, it is ordered that no certificate of appealability shall issue. Defendant may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 20th day of December, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6